426            February 14, 2012            No. 52

## IN THE OREGON TAX COURT
## REGULAR DIVISION

GEORGIA-PACIFIC CONSUMER PRODUCTS LP,
fka Fort James Operating Co.,
*Plaintiff,*

*v.*

CLATSOP COUNTY ASSESSOR
and Department of Revenue,
*Defendants.*

(TC 4894)

Plaintiff (taxpayer) sought a ruling that the aggregate real market value (RMV) of all of the subject property included in its property tax account would constitute a ceiling for purposes of determining the amount of additional tax that could be imposed as a result of disqualification of parts of the property from Enterprise Zone exemption. Taxpayer advocated a calculation method using the RMV of a group of assets in one tax account being determined by reference to a hypothetical sale of all of those assets in one transaction. Defendant Department of Revenue (the department) argued for a method whereby that amount would be the sum of the separately determined RMV amounts for each item.

Oral argument on cross-motions for partial summary judgment was held February 8, 2012, in the courtroom of the Oregon Tax Court, Salem.

Per A. Ramfjord, Stoel Rives LLP, Portland, filed the motion and argued the cause for Plaintiff (taxpayer).

Joseph A. Laronge, Senior Assistant Attorney General, Department of Justice, Salem, filed the cross-motion and argued the cause for Defendant Department of Revenue (the department).

Decision for Defendants rendered February 14, 2012.

**HENRY C. BREITHAUPT, Judge.**

This matter is before the court on cross-motions for partial summary judgment. Throughout this order, real market value is referred to as "RMV," maximum assessed value is referred to as "MAV," and assessed value is referred to as "AV." References to "CPR" are references to the so-called "changed property ratio"—the ratio described in, for example, ORS 308.153(1)(b). Any reference to "the Mill"

is a reference to the collection of properties contained in the property tax account in question. References to "Measure 50" are references to Article 11, section 11 of the Oregon Constitution. Reference is also made to this court's order in this matter of July 21, 2010, for a discussion of the factual background.

Plaintiff (taxpayer) seeks a ruling that "the aggregate RMV of all of the property included in the property tax account for the Mill constitutes a ceiling for purposes of determining the amount of additional tax that may be imposed as a result of disqualification." Taxpayer's papers and argument at the hearing on this matter show that the method proposed by taxpayer for the determination of the RMV of the property allegedly disqualified from Enterprise Zone exemption (PM6) would be as follows:

(1)   Determine for any relevant time the RMV of all the property included in the tax account, determined on the basis of a hypothetical sale of all such property to one purchaser in one transaction. In this opinion, this sale is referred to as a package sale.

(2)   Subtract the RMV of the nonexempt property included in the tax account for the corresponding year, taking as such RMV the previously determined RMV for such property if no current challenge to such RMV is possible.

(3)   The remainder is the RMV of PM6 to be used in the determination of the taxes imposed under ORS 285C.240(3)(a), provided that in no event will the previously determined RMV for the nonexempt property be re-determined if statutory appeal time limits in respect of such property have run.

Defendants (collectively referred to as the department) move to have dismissed any claim of taxpayer "that the real market value of the aggregate property (*i.e.*, the previously 100% Enterprise Zone exempt qualified property plus the nonexempt property) within the same property tax account is less than the real market value on the roll for the aggregate property."

Viewed as a narrative statement, the position of the department appears to be very similar to that of taxpayer—RMV should be determined on an aggregate basis. All

parties agree that for the years in question RMV was the AV for all calculations because the MAV for property was, in all cases, higher than any RMV for the property. However, the department's papers and argument at the hearing on this matter make clear that the position of the department is different from that of taxpayer in that the department would determine the RMV of PM6 as follows:

(1)   The previously determined RMV of the nonexempt property would be left undisturbed and would not enter into the calculation of the RMV for PM6 for any purpose.

(2)   The RMV of PM6 would be determined separately and without regard to the previously determined value of the nonexempt property, in a trial with expert testimony as to the stand-alone value of PM6.

(3)   The amount of tax due in respect of the alleged disqualification of PM6 would be calculated based on the separately determined RMV for PM6, adjusted only as might be required under ORS 308.153.

The premise of taxpayer's position is that in determining the RMV of property for purposes of Measure 50 and the statutes implementing that constitutional provision, in a case where there is more than one item of property in a property tax account, the constitutional mandate that the AV of property cannot exceed the RMV of the property can only be achieved through the use of its suggested method. That method the court views as, and will refer to as, a "residual method." That is, the RMV of any item in the tax account is to be determined by first determining the RMV of all the property in the account, by reference to a hypothetical sale of the entire package of assets, and then subtracting the RMV for all other property in the account so as to determine the RMV of the item in question. The residual value remaining after determination of the RMV of the whole account and subtraction of the RMV of other items would, using the method proposed by taxpayer, be the RMV of PM6.

The method suggested by the department is viewed by the court, and will be referred to, as the "additive method." For Measure 50 purposes, if it is relevant to determine the RMV of all items in a tax account, that amount is the sum of the separately determined RMV amounts for each item. By

definition, the RMV of the whole will not exceed the sum of the RMVs for the items in the account, whether individual items are considered or the collection of items is considered.

In the opinion of the court, the additive method proposed by the department is the proper method to be used. In reaching this conclusion the court notes that the department does not in any way disagree with taxpayer as to the general proposition that AV is not to be greater than RMV. Nor does the department disagree with the proposition that the aggregate MAV of property in a tax account is to be compared with the aggregate RMV of the property in the tax account in the process of determining compliance with the constitutional limits. The issue that separates the parties is how to go about determining the RMV for assets that together constitute the group of properties contained in the same tax account.

Most importantly, the approach of taxpayer starts with the assumption that the RMV of a group of assets in one tax account must be determined by reference to a hypothetical sale of all of those assets in one transaction and to one purchaser. Nothing in Measure 50 or the implementing statutes supports that methodology. It may be that determination of the RMV of one item is difficult if one has to assume that it is to be separately determined from the value of other items in the account—especially as here where the operations of the one item are apparently integrated with or interrelated to the operation of the other assets in the account. However, that difficulty existed before the adoption of Measure 50 in respect of the valuation of properties that were, to some extent, integrated or interrelated in operation. No party has pointed to, and the court is not aware of, any indication that the voters of Oregon sought, in the adoption of Measure 50, to address that difficulty, much less to express constitutional limitations as to the methodology for the determination of any given asset in a property tax account.

The decision of the Oregon Supreme Court in *Flavorland Foods v. Washington County Assessor*, 334 Or 562, 54 P3d 582 (2002) (*Flavorland*) did address the problem of application of Measure 50 in the case of separate items of

property being found in one tax account—in that case land and an improvement to the land. In that case the court concerned itself with the determination of MAV, not RMV, and held that the MAV limit was to be determined for the entire tax account. The court concluded that the constitutional reference to a "unit of property" was a reference to all property in a tax account. *Id.* at 574. The court in *Flavorland* had before it stipulated RMV figures and MAV figures for the land and improvement, separately determined. The sum of those figures was compared to the sum of the MAV figures for the components of the account to determine if the constitutional requirement that AV be the lesser of RMV or MAV was satisfied. *Flavorland* does not supply an answer here but it suggests, on its own facts, that an additive methodology is the appropriate one.

Logically, it would be necessary to make determinations of MAV in a multiple asset account on an asset-by-asset basis. This is so because the assets comprising the account, whether including formerly exempt property or property that was always taxable, could well have been added to the account in different years. That being a possibility, the calculation would need to accommodate the possibility that the MAV for different assets would be determined using different CPRs, depending on the year acquired. MAV for any given asset would be determined individually and not by application of a residual methodology because there would, in such instances, be no way to state a total MAV for the account except by the additive method. That being the case, the court is of the opinion that the RMV for the assets in the account should be determined in the same way, by summation of the individually determined asset RMVs—the additive method—and not by a residual method.

The residual method suggested by taxpayer for the determination of RMV for an account is both potentially unrealistic and cumbersome. The method is potentially unrealistic as its most important assumption is that valuation should be done on the basis of a hypothetical sale of all assets in the account. While such a sale might occur, it is also possible that assets from an account could, hypothetically or actually, be sold individually or in groups including

less than all assets in the account. As mentioned above, there is no indication in the text or history of Measure 50 to suggest that the amendment adding its provisions was directed to the specifics of how appraisers would determine the RMV of assets.

The cumbersome aspect of the residual method suggested by taxpayer appears in considering that it would need to apply not only in cases where, as here, there had been an earlier determination of RMV for one asset group out of two, but also in cases where no such earlier determination had occurred or where more than two assets or groups of assets were found in an account. In the case of a group of assets, none of which had been subject to an earlier RMV determination, the residual method cannot be applied until there is a determination of the total RMV in the hypothetical package sale *and* a separate RMV for a number of assets equal to

$N - 1$, where

$N$ = the total number of assets or asset

groups in the account.

Accordingly the number of RMV determinations in all events would be 1, for the package + (N-1), for the individual assets or groups. Without that determination having been made, it is impossible to know what amount is to be subtracted from the total RMV in order to derive a residual RMV for any asset subject to examination.

Consider: if there are assets A, B and C in an account and the appraised value of a package RMV for the total is 100, the RMV for asset A can be determined by the residual method only if one computes not only the package RMV and the RMV for two of the assets. If one is interested in the RMV of asset A, one would need to compute, in addition to the package RMV, the RMV for assets B and C.

Even in the case of only two assets or asset groups in an account, the number of RMV determinations could be two: one for the package RMV and a second (the N-1) for the asset or group other than the asset or group for which one is seeking an RMV.

Thus, it appears that there is no economy of calculation in the method proposed by taxpayer. Economy of calculation would not be relevant in the face of a constitutional command to take certain actions, but, as already discussed, there is no text, context or history suggesting that the methodology suggested by taxpayer was included as a requirement in Measure 50. That being the case, the problem of economy of calculation works against the residual method.

Further, the residual method would cause significant differences to occur where the very same assets are present but are combined in different ways in tax accounts. Consider that the method for which taxpayer contends in this case—where PM6 is in the same tax account as the historically nonexempt property—would not be the method applied if the assessor had included PM6 in one tax account and the historically exempt property in a different tax account.[1] In that case, there would be no basis, even under taxpayer's proposed theory, for determining a package RMV for all the assets in the two tax accounts. The previously determined RMV for the historically nonexempt property would remain where it had been determined to be and would play no role in determining the RMV of PM6. The RMV of PM6 would be separately determined. That use of different methodologies depending on the location of assets in one tax account or two does not occur with use of the method proposed by the department. Rather, whether the total of the assets are in one tax account or two, the RMV is determined in the same way—with the focus on a hypothetical sale of the asset in question and not a further assumption as to the contents of a package sale of all assets at any given location. This difference in substantive results, depending only on the permissible actions of an assessor, suggests strongly that the method suggested by taxpayer is not of constitutional magnitude.

Finally, the court adheres to the logic and conclusions in the order previously entered in this case and withdrawn pending a more comprehensive and intelligible debate between the parties, a goal achieved in the briefs and oral argument on the pending motions. The court adopts the

---

[1] There appears to be no constitutional or statutory limitation on this result occurring.

substance of the prior order by reference. That earlier order concluded that a disqualification under the Enterprise Zone statutes should be no occasion to revisit the RMV determinations made for nonexempt property in the tax account after the time limits to challenge those determinations had run. In this proceeding taxpayer has sought to revisit the earlier RMV determinations, made in now closed years, for the nonexempt assets in the account. The court is of the opinion that for the conclusive and appropriately preclusive effect to be given to those earlier determinations, they cannot be taken into account in any way in later determinations of the RMV of other assets in the account. That result occurs with the rejection of the residual method, a rejection that, for the reasons stated above, is, in the opinion of the court, the correct reading of the statutes and constitutional provisions.

As discussed at the hearing on this matter, the parties are to consult as to the appropriate form of order carrying out this opinion. The case will be continued for trial. Now, therefore,

IT IS ORDERED that Plaintiff's Amended Motion for Partial Summary Judgment is denied; and

IT IS FURTHER ORDERED that Defendant's cross-motion for partial summary judgment is granted.